UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTOS RAMOS RODRIGUEZ | : | CIVIL NO: 1:13-CV-00107 |
| Petitioner | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| MICHAEL W. HARLOW, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

In this habeas corpus case, which was transferred to this court from the United States District Court for the Western District of Pennsylvania, the petitioner is challenging his confinement on a conviction from the Court of Common Pleas of York County, Pennsylvania. He alleges that he was sentenced to a term of imprisonment as well as a fine. He claims that because he paid the fine he should not be imprisoned.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, we review the petition to determine whether it plainly appears from the petition that the petitioner is not entitled to relief. The petition should be dismissed pursuant to 28 U.S.C. § 2244(b) because it is a second or successive petition and the petitioner has not obtained leave of the United States Court of Appeals for the Third Circuit to file the petition.

28 U.S.C. § 2244(b) provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims'". *Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.*

In a prior case in this court, the petitioner claimed that because he paid his fine he should be released from prison.  Citing the Double Jeopardy Clause of the Fifth Amendment, he also presented a habeas corpus claim that a court does not

have the power to impose a prison sentence in addition to a fine. Judge Caldwell denied the petitioner's request for a writ of habeas corpus in that case. *See Rodriguez v. Court of Common Pleas,* 1:11-CV-02267 (M.D.Pa.)(Order of May 7, 2012).[1]

In this case, the petitioner presents a Double Jeopardy claim regarding his fine and his term of imprisonment. He also presents other closely related claims that because he paid the fine he cannot be imprisoned. The petitioner's claims are barred as second or successive claims under 28 U.S.C. § 2244(b). To the extent that the petitioner presents the same claims as he presented in his prior case, the claims are barred under § 2244(b)(1). The petitioner's claims that were not presented in his prior case are barred by § 2244(b)(2) because the petitioner has not been granted leave by the Court of Appeals to file a second or successive petition.

---

[1] In that prior case, the petitioner presented mandamus and 42 U.S.C. § 1983 claims as well as habeas corpus claims. In addition to dismissing the petitioner's request for a writ of habeas corpus, Judge Caldwell dismissed his request for a writ of mandamus. Judge Caldwell also dismissed some of the petitioner's § 1983 claims and transferred other § 1983 claims to the United States District Court for the Western District of Pennsylvania.

3

Because the petitioner's claims are barred by 28 U.S.C. § 2244(b), it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of January, 2013.

                                         S/*Susan E. Schwab*
                                         Susan E. Schwab
                                         United States Magistrate Judge