UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SANTOS RAMOS RODRIGUEZ, :
    Petitioner :
     :
    v. : CIVIL NO. 1:13-CV-0107
     :
MICHAEL W. HARLOW, :
    Respondent :
     :
     :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering Petitioner's objections to the Report and Recommendation ("R&R") of Magistrate Judge Schwab, which recommends that we dismiss the petition for habeas relief. Citing the Double Jeopardy Clause, Petitioner argues that the state court did not have the authority to impose both a sentence and a fine. The magistrate judge found that petitioner's claims are barred as second or successive under 28 U.S.C. § 2244(b), because he brought the same claims in a previous habeas petition filed on December 7, 2011.[1]

---

[1] The December 7, 2011 petition was titled "Petition for 28. U.S.C. § 2241 Writ of Habeas Corpus, Mandamus, Mixed 42 U.S.C. § 1983 Civil Rights Action." On January 4, 2012, Magistrate Judge Smyser construed the motion as a habeas petition brought pursuant to 28 U.S.C. § 2254 and provided Petitioner with the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Petitioner appealed the order requiring him to elect to move forward with his petition or withdraw it to file an all-inclusive petition. The Third Circuit dismissed the appeal for lack of appellate jurisdiction. On March 16, 2012, Magistrate Judge Smyser issued a Report and Recommendation, discussing the petition for writ of habeas corpus and the § 1983

Petitioner argues that his present petition is not barred as second or successive, because his previous habeas petition is void as a result of the court's failure to follow the procedures set forth in § 2254. However, we agree with the magistrate judge's assessment. The Third Circuit has noted that "both the Supreme Court and Congress have set a high standard for second or successive habeas petitions that permits review only in the extraordinary case." Munchinski v. Wilson, 694 F.3d 308, 339 (3d Cir. 2012). The language of 28 U.S.C. § 2244(b) is clear. It provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Because Petitioner's Double Jeopardy claim was addressed in the previous habeas petition, § 2244(b)(1) precludes us from considering it again. To the extent Petitioner brings additional claims related to the sentencing court's imposition of both a fine and prison sentence, § 2244(b)(2) requires dismissal of these claims.

---

claims. On May 7, 2012, we adopted the magistrate judge's report and denied Petitioner's writ of habeas corpus. Petitioner did not appeal the denial of his petition.

Although § 2244(b)(2) provides exceptions, Petitioner has failed to show that he meets the requirements to avoid dismissal. Thus, we must dismiss his petition. We will also deny a certificate of appealability, based on the analysis in this Order and the magistrate judge's R&R. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, see 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See FED. R. APP. P. 22; Local Rule of Appellate Procedure 22.1.

ACCORDINGLY, this 20th day of February, 2013, upon consideration of the report and recommendation of the magistrate judge (Doc. 5), filed January 18, 2013, to which objections were filed, and upon independent review of the record, it is ORDERED that:

1. The magistrate judge's report is adopted (Doc. 5).

2. Petitoner's objection (Doc. 6) is overruled.

3. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed.

4. The Clerk of Court shall close this file.

       /s/ William W. Caldwell
       William W. Caldwell
       United States District Judge